# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1558
_____

United States of America

*Plaintiff - Appellee*

v.

Douglas Warren Biddle

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 27, 2012
Filed: October 1, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Douglas Biddle challenges the within-Guidelines-range sentence the district court[1] imposed after he pled guilty to conspiring to distribute 500 grams or more of

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

a mixture or substance containing methamphetamine and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. His counsel has moved to withdraw, and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that Biddle's sentence is unreasonable and greater than necessary to effectuate the purposes of sentencing.

Upon careful review, this court concludes that Biddle's sentence is not unreasonable. The district court thoroughly explained its chosen sentence, relied on and properly weighed appropriate sentencing factors only, and sentenced Biddle to a prison term that was within the calculated Guidelines range and the statutory limits. *See United States v. Feemster*, 572 F.3d 455, 460-62 (8th Cir. 2009) (en banc) (when reviewing sentences, appellate court applies deferential abuse-of-discretion standard, first ensuring that district court committed no significant procedural error such as failing to adequately explain chosen sentence; district court abuses its discretion when it fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but in weighing those factors commits clear error of judgment; substantive reasonableness of sentence under abuse-of-discretion standard takes into account totality of circumstances; if sentence is within Guidelines range, appellate court may, but is not required to, apply presumption of reasonableness); *see also* 21 U.S.C. § 841(b)(1)(A)(viii) (person who violates 21 U.S.C. § 841(a) in case involving 50 grams or more of methamphetamine or 500 grams or more of mixture or substance containing methamphetamine shall be sentenced to not less than 10 years or more than life in prison).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no nonfrivolous issues. This court grants counsel leave to withdraw, and affirms.

_____